UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| LAZERRICK COFFEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   15-1434 |
| | ) |
| RANDY PFISTER, *et al.,* | ) |
| | ) |
| Defendant. | ) |

MERIT REVIEW AND CASE MANAGEMENT ORDER

      The plaintiff, proceeding *pro se*, and currently incarcerated in the Pontiac Correctional Center, was granted leave to proceed *in forma pauperis*. The case is now before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

      In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted). The court has reviewed the complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the court.

      The plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983. The plaintiff says that he has sickle cell anemia which causes him pain and weight loss. In 2009, a Hill Correctional Center doctor prescribed an extra food tray for his condition. The attached order states it is "indefinite" (d/e #1-1, p. 10). However, when plaintiff was transferred to Pontiac Correctional Center in 2009, officials refused to provide the tray saying it was not an option at Pontiac. The plaintiff still has not received the extra food tray so it appears he is alleging an on-going violation.

      The plaintiff has adequately alleged an Eighth Amendment claim of deliberate indifference to a serious medical condition. However, he has not adequately stated a claim against each of the named defendants. For instance, the plaintiff has named Food Supervisor Richard Runyon, but Runyon must rely on medical staff to approve a medical diet. In addition, the plaintiff has named Warden Randy Pfister because his grievances were denied. Nonetheless, the plaintiff has attached his grievances which demonstrate Pfister relied on medical staff who stated the extra tray was not medically necessary. *Greeno v. Daley*, 414 F.3d 645, 655-56 (7th Cir.2005)( "We do not think [a prison official's] failure to take further action once he had referred the matter to the medical providers can be viewed as deliberate indifference.") The

plaintiff's claim against defendants Runyon and Pfister is dismissed for failure to state a claim upon which relief can be granted pursuant to 42 U.S.C. § 1983.

The plaintiff alleges he spoke directly to Health Care Administrator Theresa Arroyo and Dr. A. Tilden about his medical need for an extra tray, but both denied his request. Therefore, the plaintiff may proceed on his claim against defendants Arroyo and Tilden.

In considering the plaintiff's motion for appointment of counsel [4], the court asks: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993). The plaintiff has demonstrated he has attempted to find counsel on his own. However, the plaintiff's claim is not complex. His complaint clearly sets forth his allegations, and he has attached 62 pages of exhibits in support of his claims. The court also notes the plaintiff is an experienced litigator. See *Coffee v Lewis*, Case No. 12-1416 and *Coffee v Jacob*, Case No. 13-1420. The plaintiff's motion [4] is denied.

IT IS THEREFORE ORDERED:

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states an Eighth Amendment claim for deliberate indifference to his serious medical condition against defendants Arroyo and Tilden. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

3. The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

4. With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

5. The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues

and claims stated in this opinion.  In general, an answer sets forth the defendants' positions.  The court does not rule on the merits of those positions unless and until a motion is filed by the defendants.  Therefore, no response to the answer is necessary or will be considered.

      6.     This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk.  The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the clerk.  The plaintiff must mail his discovery requests and responses directly to defendants' counsel.  Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

      7.     Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement.  Counsel for the defendants shall arrange the time for the deposition.

      8.     The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number.  The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

      9.     If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

      10.    The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

      11.    The clerk is directed to correct the spelling of plaintiff's name from Laserrick to **Lazerrick** Coffee.

      12.    The clerk is directed to terminate Warden Randy Pfister and Head Food Supervisor Richard Runyon as defendants

      13.    The clerk is directed to attempt service on the remaining defendants pursuant to the standard procedures.

      14.    The plaintiff's motion for counsel [4] is denied.

Entered this 8th day of December, 2015.

/s/ Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE